IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 18-00062 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY D. GLENN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 109)**

Defendant is currently incarcerated at the United States Penitentiary Allenwood in Pennsylvania with a projected release date of May 25, 2032.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 109) is **DENIED.**

**STANDARD OF REVIEW**

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.  Dillon v.

1

United States, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i)  extraordinary and compelling reasons warrant such a reduction;
>
> ...
>     and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT

### A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").  18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Parties agree that Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider the motion for compassionate release.

### B.   Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons" consistent with applicable policy statements of the Sentencing Commission.

The Sentencing Commission's policy statement is provided in United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A)   Extraordinary and compelling reasons

3

> warrant the reduction; or
>
> > (B)     The defendant (i) is at least 70 years
> >         old; and (ii) has served at least 30
> >         years in prison pursuant to a sentence
> >         imposed under 18 U.S.C. § 3559(c) for
> >         the offense or offenses for which the
> >         defendant is imprisoned;
>
> > (2)     The defendant is not a danger to the
> >         safety of any other person or to the
> >         community, as provided in 18 U.S.C. §
> >         3142(g); and
>
> > (3)     The reduction is consistent with this
> >         policy statement.

U.S.S.G. § 1B1.13.

If Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c), Defendant is only entitled to relief if he demonstrates:

> (1)  extraordinary and compelling reasons warrant a sentence reduction;
>
> (2)  he is not a danger to the safety of others or the community; and,
>
> (3)  any requested reduction is consistent with the policy statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

## C.     Extraordinary And Compelling Reasons

The Sentencing Commission's Commentary Application Notes for Guideline § 1B1.13 provides the definition of "extraordinary and compelling reasons." The Court agrees with the majority of the district courts in the Ninth Circuit that have concluded that

4

Section 1B1.13 and its definition of "extraordinary and compelling reasons" applies to motions for compassionate release even though the sentencing guideline was not separately amended following the passage of the First Step Act.  See Riley v. United States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020) (collecting cases); United States v. Shields, 2019 WL 2359231, *4 (N.D. Cal. June 4, 2019).

Sentencing Guideline Section 1B1.13's Commentary Application Notes explain that extraordinary and compelling reasons exist when:

    (A)  **Medical Condition of the Defendant.**-

        (i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii) The defendant is—

            (I)      suffering from a serious physical or medical condition,

            (II)     suffering from a serious functional or cognitive impairment, or

            (III)    experiencing deteriorating physical or mental health because of the aging process,

            that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B)  **Age of the Defendant.**-The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration

5

in physical or mental health because of the aging
process; and (iii) has served at least 10 years or 75
percent of his or her term of imprisonment, whichever
is less.

(C) **Family Circumstances.**–
    (i)  The death or incapacitation of the caregiver of
         the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or
         registered partner when the defendant would be the
         only available caregiver for the spouse or
         registered partner.

(D) **Other Reasons.**—As determined by the Director of the
    Bureau of Prisons, there exists in the defendant's case
    an extraordinary and compelling reason other than, or
    in combination with, the reasons described in
    subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Court has the discretion to determine whether other
extraordinary and compelling reasons exist, as stated in
paragraph (D), when ruling on motions for compassionate release.
United States v. Brooker,    F.3d   , 2020 WL 5739712, *7 (2d
Cir. Sept. 25, 2020); United States v. Hernandez, 2020 WL
3453839, at *4 (D. Haw. June 24, 2020).

## PROCEDURAL HISTORY

On March 13, 2018, at the age of 51, Defendant was arrested
in Sacramento, California.  (Presentence Report ¶ 2, ECF No. 80).

On May 4, 2018, Defendant made his initial appearance in
Honolulu, Hawaii, and was detained.  (ECF No. 19).

On May 10, 2018, the grand jury returned an Indictment
charging Defendant Jerry Glenn and a co-defendant.  Defendant was

6

charged in four counts:

**Count 1:**  Defendant knowingly and intentionally conspired to distribute, 50 grams or more of methamphetamine, to wit: approximately 5,078 grams of methamphetamine, its salts, isomers, and salts of isomers, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).

**Count 2:**  On or about November 23, 2016, Defendant knowingly and intentionally distributed 50 grams or more of methamphetamine, to wit: approximately 447 grams of methamphetamine, its salts, isomers, and salts of isomers, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A).

**Count 6:**  On or about January 17, 2017, Defendant knowingly and intentionally distributed 50 grams or more of methamphetamine, to wit: approximately 443 grams of methamphetamine, its salts, isomers, and salts of isomers, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

**Count 7:**  On or about January 18, 2017, Defendant knowingly and intentionally distributed 50 grams or more of methamphetamine, to wit: approximately 427 grams of methamphetamine, its salts, isomers, and salts of isomers, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

(Indictment, ECF No. 25).

On February 20, 2019, Defendant entered into a plea agreement and pled guilty to Count I of the Indictment. (ECF Nos. 53, 55).

On September 24, 2019, Defendant appeared for sentencing. (ECF No. 85). He was in Criminal History Category VI and had a total offense level of 35. (Presentence Report ¶ 133, ECF No. 80). His guideline range was 292 to 365 months imprisonment. (Id.) He was sentenced to 200 months imprisonment, and ten years of supervised release. (Judgment, ECF No. 86).

On May 19, 2020, Defendant, pro se, filed a motion entitled "Motion for Compassionate Release (CR) and or Reduction in Sentence (RIS) Under Title 18 § 4205 and 3582." (ECF No. 105).

On May 21, 2020, the Court denied Defendant's Motion for failure to meet the statutory exhaustion requirement. (ECF No. 106). The Court identified additional issues Defendant should address if he chose to file a new motion after the exhaustion requirement. (Id.)

On July 23, 2020, Defendant, through counsel, filed a motion entitled, "Motion for Reduction in Sentence (Compassionate Release)." (ECF No. 109).

On July 24, 2020, the Court set a briefing schedule. (ECF No. 113).

On August 7, 2020, the Government filed its Opposition. (ECF No. 115).

On August 14, 2020, Defendant filed his Reply. (ECF No. 116).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## ANALYSIS

Defendant Glenn is now 54 years old. Defendant is currently incarcerated at the Allenwood United States Penitentiary in Pennsylvania. Defendant bears the burden of demonstrating that extraordinary and compelling reasons exist that warrant immediate

8

release from incarceration.  United States v. Greenhut, 2020 WL
509385, *1 (C.D. Cal. Jan. 31, 2020).

Defendant's general concerns about potential exposure to
COVID-19 while incarcerated do not meet the criteria for
extraordinary and compelling reasons for a reduction in sentence.
United States v. Eberhart, 448 F.Supp.3d 1086, 1089-90 (N.D. Cal.
Mar. 25, 2020); United States v. Carver,    F.Supp.3d   , 2020
WL 1892340, *3 (E.D. Wash. Apr. 8, 2020).

The Centers for Disease Control ("CDC") has identified
certain categories of individuals that are at a higher risk for
severe illness should they contract COVID-19.  The list includes
people with conditions such as: chronic lung disease, moderate or
serious asthma, serious heart conditions, obesity, chronic kidney
disease requiring dialysis, liver disease, diabetes, or
individuals who are immunocompromised.  See United States v.
Jones, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw.
May 11, 2020).

I.    **Medical Condition**

A.    **Current Centers For Disease Control Standards And
      Defendant's Medical Concerns**

The CDC has identified heart conditions such as heart
failure as a medical condition that places an individual at an
increased risk should they contract COVID-19.  (CDC Coronavirus
Disease 2019 (COVID-19) Website, at "People with Medical
Conditions," available at https://www.cdc/gov/coronavirus/2019-

ncov/need-extra-precautions/index.html, last visited 10/08/2020)

The CDC has also identified obesity as a medical condition that places an individual, regardless of age, at increased risk. The CDC defines individuals as obese if he or she has a body mass index ("BMI") of 30 or above.  (Id.)

The CDC states that individuals with moderate-to-severe asthma might be at an increased risk.  (Id.)

Defendant alleges that he suffers from hypertensive heart disease, obesity, and asthma.  Defendant also states he has ringworm, anemia, visual impairments, and has had blood loss and bloody stools.  Defendant indicates he utilizes a wheelchair for mobility.

**B.   Medical Conclusion**

Defendant is 54 years old.  The CDC recognizes that the risk of developing severe illness from COVID-19 increases with age. Those 65 years of age or older are at increased risk and those 85 years and older at the greatest risk.  (https://www.cdc .gov/coronavirus2019-ncov/need-extra-precautions/older-adults.html, last visited 10/08/20).  Defendant's age does not place him in a category of increased risk of complications due to COVID-19.

Defendant's medical records reflect that his medical conditions overall have been managed by the Bureau of Prison ("BOP") while he has been incarcerated.

Defendant had a heart attack in 2018 and received a heart-valve replacement. (Ex. A to Def.'s Motion at 30, ECF No. 112). Defendant is prescribed aspirin and Gabapentin to aid his recovery from the heart-value replacement. (Id.)

Defendant's hypertensive heart disease is also being treated by the BOP. (Id. at p. 24). Defendant is prescribed Carvedilol, Furosemide, Lisinopril, and Spironolactone for his heart disease. (Id. at p. 30-31). Defendant's heart condition is continually monitored by BOP doctors.

Defendant has had incidents of blood loss and bloody stools. The BOP has monitored these incidents and administered treatment as needed, including a hospital visit for a colonoscopy and blood transfusions. (See id. at p. 51-65). The BOP continues to monitor Defendant's condition and provides medical care as necessary. (Id. at p. 13-14).

Defendant's medical records reflect that as of April 29 2020, Defendant weighed 277 pounds. (Id. at p. 13). Defendant's Presentence Report reflects that Defendant's recorded height is 6'2". (Presentence Report ¶ 108, ECF No. 80). Pursuant to the U.S. Department of Health and Human Services' BMI Calculator, Defendant's BMI was 35.6 as of April 29, 2020. Defendant is considered obese under the CDC definition. Obesity alone, however, is insufficient to support a finding of extraordinary and compelling reasons for immediate release.

Defendant has been prescribed an Albuterol inhaler for any asthma attacks. As of April 6, 2020, Defendant's medical records

11

reflect that he is responding well to treatment.  (Def.'s Medical Records attached as Ex. A to Def.'s Mot. at pp. 7 & 24, ECF No. 112).

Defendant also indicates that he has ringworm, anemia, needs glasses, and has problems with mobility.  None of these conditions are conditions that the CDC has identified as placing an individual at an increased risk for severe illness of COVID-19.

Defendant is receiving treatment for his various ailments. (Id. at pp. 30, 47-48).  In addition to prescribed medications, Defendant has been given prescription glasses for his visual impairment and a wheelchair for mobility.  (Id. at p. 3).

The record demonstrates that Defendant has received and continues to receive appropriate medical care by the BOP. Conditions that can be managed in prison are not a basis for compassionate release.  United States v. Kazanowski, Crim. No. 15-00459 DKW-05, 2020 WL 3578310, *9 (D. Haw. July 1, 2020) (citing U.S.S.G. § 1B1.13 cmt. N.1(A)).

## II.  Section 3553(a) Factors And Defendant's History and Characteristics

### A.   History and Characteristics

In order to be eligible for compassionate release, Defendant must establish that release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that he is not a danger to the safety of others or the community.  18 U.S.C. §

3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

Defendant is currently serving a term of imprisonment for his role of conspiring with the intent to distribute a large quantity of "ice," a highly pure methamphetamine, in the community.  Defendant was held responsible for 5,078 grams of "ice."  (Presentence Report ¶ 5, ECF No. 80).

Defendant is 54 years old.  Defendant's history in the criminal justice system started at the age of 18.  (Id.)  Over the course of Defendant's adult life, Defendant has been convicted of more than 20 crimes.  (Id. at pp. 12-20).  His offenses involved property, identity, drugs, and violence charges. (Id.)

Defendant has had his parole revoked on 14 separate occasions.  (Id. at pp. 13-15).  Defendant has also been arrested 16 times without conviction.  (Id. at pp. 21-25).

At the time of his sentencing, Defendant's serious criminal history resulted in a Criminal History Category VI.  Defendant was subject to a sentencing guideline range of 292 to 365 months imprisonment.  The Court granted the Government's motion for downward departure and sentenced Defendant to a total of 200 months.

## B.   Portion Of Sentence Served

A review of the caselaw demonstrates that the portion of the sentence already served by the defendant is a necessary factor for the Court to consider in evaluating compassionate release. United States v. Connell,     F.Supp.3d.    , 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020).  The amount of time served of the originally imposed sentence must be considered pursuant to Section 3553(a) to ensure that the amount of time adequately reflects the seriousness of the offense, deters criminal conduct, and protects the public.  United States v. Barber,     F.3d    , 2020 WL 2404679, *5 n.9 (D. Ore. May 12, 2020).

Defendant received a 200-month sentence.  His projected release date is May 25, 2032.  At the time Defendant filed his Motion for Compassionate Release, Defendant had served approximately 29 months or 15% of his sentence.

## C.   Appropriateness of Immediate Release

The nature and circumstances of Defendant's offense weigh against reducing his remaining sentence.  Defendant pled guilty to trafficking a highly addictive illegal substance.  Defendant has a long history of criminal conduct.  Defendant's history and characteristics do not favor a reduced sentence.  Defendant's immediate release would not adequately reflect the seriousness of his offense, and it would not protect the public.  Defendant's immediate release is not appropriate given the totality of

circumstances under Section 3553(a) Factors.

**III. Summary Of Medical Conclusion And Section 3553(a) Factors**

Defendant has not established a basis for compassionate release based on his medical issues.  The record does not demonstrate that he is suffering from a terminal health condition or a condition that substantially interferes with his ability to provide self-care while incarcerated.  Defendant has been able to manage his medical conditions while incarcerated.  The record demonstrates that Defendant has received and continues to receive appropriate medical care while incarcerated.

Defendant was convicted of the serious crime of conspiring with the intent to distribute 5,078 grams of highly pure methamphetamine.  Defendant has only served approximately 15% of his sentence.  Defendant's criminal acts throughout his entire adult life show he is a danger to the public.  Defendant has not established that his immediate release is warranted pursuant to the Section 3553(a) factors.

//
//
//
//
//
//
//
//

**CONCLUSION**

Defendant's Emergency Motion To Reduce Sentence Under The First Step Act (ECF No. 109) is **DENIED.**

IT IS SO ORDERED.

Dated: October 26, 2020, Honolulu, Hawaii.



Helen Gillmor
United States District Judge