IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 18-00062 HG-1 |
| Plaintiff, | ) | |
| vs. | ) | |
| JERRY D. GLENN, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE BASED ON AMENDMENT 821 TO THE UNITED STATES SENTENCING GUIDELINES PURSUANT TO 18 U.S.C. § 3582(c)(2) (ECF No. 138)**

Defendant Jerry D. Glenn, proceeding pro se, filed a Motion seeking to reduce his term of imprisonment based upon Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2).

In 2023, Amendment 821 altered the sentencing guidelines of certain zero-point offenders under Section 4C1.1 and changed the calculation of "status points" under United States Sentencing Guideline § 4A1.1(e).

Defendant Glenn is not eligible for a reduction in sentence pursuant to Amendment 821. The changes made by Amendment 821 do not alter Defendant's total sentencing guidelines calculation of a total offense level of 35, and a total criminal history category of VI, for a sentencing guideline range of 292 to 365 months imprisonment. Defendant was sentenced below the

1

sentencing range to a total sentence of 200 months imprisonment. There is no basis to reduce Defendant's sentence pursuant to Amendment 821 to the United State Sentencing Guidelines.

Defendant's Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 138) is **DENIED.**

### PROCEDURAL HISTORY

### I.   Indictment, Guilty Plea, And Sentencing

On March 13, 2018, at the age of 51, Defendant was arrested in Sacramento, California.  (Presentence Report ¶ 2, ECF No. 80).

On May 4, 2018, Defendant made his initial appearance in Honolulu, Hawaii, and was ordered detained pending trial.  (ECF No. 19).

On May 10, 2018, the grand jury returned an Indictment charging Defendant Jerry Glenn and a co-defendant.  Defendant was charged in four counts:

- **Count 1**: Defendant knowingly and intentionally conspired to distribute, 50 grams or more of methamphetamine, to wit: approximately 5,078 grams of methamphetamine, its salts, isomers, and salts of isomers, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).

- **Count 3**: On or about November 23, 2016, Defendant knowingly and intentionally distributed 50 grams or more of methamphetamine, to wit: approximately 447 grams of methamphetamine, its salts, isomers, and salts of isomers, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A).

**Count 6**:  On or about January 17, 2017, Defendant knowingly and intentionally distributed 50 grams or more of methamphetamine, to wit: approximately 443 grams of methamphetamine, its salts, isomers, and salts of isomers, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

**Count 7**:  On or about January 18, 2017, Defendant knowingly and intentionally distributed 50 grams or more of methamphetamine, to wit: approximately 427 grams of methamphetamine, its salts, isomers, and salts of isomers, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

(Indictment, ECF No. 25).

On February 20, 2019, Defendant entered into a plea agreement and pled guilty to Count 1 of the Indictment. (ECF Nos. 53, 55).

On September 24, 2019, Defendant appeared for sentencing. (ECF No. 85).

Defendant's base offense level was calculated at 38 based on the drug quantity table under U.S.S.G. § 2D1.1(c)(1). (Presentence Report at ¶ 48, ECF No. 80). Defendant was responsible for 5.078 kilograms of "ice." (Id.)

Defendant received a 2-level reduction for acceptance of responsibility and a 1-level reduction for timely notifying the Government of his intention to plead guilty. (Id. at ¶¶ 55-56).

Defendant's total offense level was 35. (Id. at ¶ 57).

Defendant's Criminal History Computation was based on his extensive criminal history that included 17 adult convictions. (Id. at ¶¶ 61-77). Defendant's criminal convictions resulted in

3

a subtotal criminal history score of 27.  (Id. at ¶ 78).  In addition, Defendant received 2 additional criminal history points because Defendant committed the instant offense while Defendant was on probation for a conviction for Grand Theft from San Joaquin County Superior Court in Case No. CR 2016-0001386.  (Id. at ¶ 79).  As a result Defendant's total criminal history score was 29.  (Id. at ¶ 80).  Defendant was therefore placed in Criminal History Category VI based on his total criminal history score of 29.  (Id.)

Defendant's guideline range was 292 to 365 months imprisonment.  (Id.)  He was sentenced to 200 months imprisonment, and ten years of supervised release.  (Judgment, ECF No. 86).

On May 19, 2020, Defendant, pro se, filed a motion entitled "Motion for Compassionate Release (CR) and or Reduction in Sentence (RIS) Under Title 18 § 4205 and 3582."  (ECF No. 105).

On May 21, 2020, the Court denied Defendant's Motion for failure to meet the statutory exhaustion requirement.  (ECF No. 106).  The Court identified additional issues Defendant should address if he chose to file a new motion after meeting the exhaustion requirement.  (Id.)

On July 23, 2020, Defendant, through counsel, filed a motion entitled, "Motion for Reduction in Sentence (Compassionate Release)."  (ECF No. 109).

On October 26, 2020, the Court issued an ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE)."  (ECF No. 117).

On October 6, 2025, Defendant filed a Motion to Vacate Pursuant to 28 U.S.C. § 2255.  (ECF No. 135).  Defendant's Section 2255 Motion is subject to a separate order.

On October 14, 2025, Defendant filed a document entitled, "MOTION FOR THE TWO POINT REDUCTION."  (ECF No. 138).

On October 17, 2025, the Court issued a briefing schedule. (ECF No. 139).

On November 13, 2025, the Government filed its Opposition to Defendant's Motion for the Two Point Reduction.  (ECF No. 142).

Defendant did not file a Reply to the Government's Opposition.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

### STANDARD OF REVIEW

Section 3582(c)(2) of Title 18 of the United States Code permits a court to reduce a term of imprisonment if the sentence was based on a sentencing range subsequently lowered by the United States Sentencing Commission.

The Sentencing Commission amended United States Sentencing Guideline § 1B1.10 to provide for a reduction in certain terms of

imprisonment as a result of amended guideline ranges provided by Amendment 821, which became effective on February 1, 2024.

## **ANALYSIS**

Defendant Glenn seeks a reduction in his sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2).

Defendant is not eligible for a reduction in his term of imprisonment because he has not established that his sentencing guidelines were lowered pursuant to Amendment 821.

Amendment 821 made two significant changes in the Sentencing Guidelines and the calculation of criminal history points.

<u>First</u>, Subpart B of Amendment 821 created a new guideline found in U.S.S.G. § 4C1.1, which provides for a decrease of two offense levels for certain zero-point offenders who meet its requirements, as follows:

>  (a) Adjustment.—If the defendant meets all of the following criteria:
> 
>   (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> 
>   (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> 
>   (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> 
>   (4) the offense did not result in death or serious bodily injury;

6

  (5) the instant offense of conviction is not a sex offense;

  (6) the defendant did not personally cause substantial financial hardship;

  (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

  (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

  (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

  (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. §848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1(a) (emphasis added).

Here, Defendant does not qualify for a reduction as a certain zero-point offender pursuant to Section 4C1.1(a). Defendant was not a zero-point offender as he received 27 criminal history points at sentencing based on his 17 prior convictions. (Presentence Report at ¶¶ 61-77, ECF No. 80).

Section 4C.1 does not apply to lower Defendant's sentencing guidelines.

<u>Second</u>, Subpart A of Amendment 821 limits the overall

7

criminal history impact of "status points," which are additional criminal history points given to a defendant for having committed an offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.  See U.S.S.G. § 4A1.1(e).

Previously, a defendant who committed the instant offense while under any criminal justice sentence, including probation, received two additional criminal history points.

At sentencing, Defendant received two status points in calculating his criminal history points because Defendant committed the instant offense while under a sentence of probation for his conviction for Grand Theft from San Joaquin County Superior Court in Case No. CR 2016-0001386.  (Presentence Report at ¶ 79, ECF No. 80).

Amendment 821 altered Section 4A1.1 of the United States Sentencing Guidelines to eliminate such status points for any defendant who otherwise had six or fewer criminal history points. United States v. Valle-Hurtado, 2024 WL 1299771, *2 (D. Ariz. Mar. 27, 2024).

For a defendant such as Defendant Glenn who had seven or more criminal history points, Amendment 821 altered Section 4A1.1 to lower the calculation of status points from two status points to one status point.  United States v. Ward, 2024 WL 1053765, at *1 (D. Nev. Mar. 11, 2024).

Here, the changes in the sentencing guidelines under Amendment 821 for the calculation of status points would lower Defendant's criminal history calculation from 29 to 28 based on Amendment 821 to the United States Sentencing Guidelines.  The change, however, does not lower Defendant's criminal history category calculation because 28 criminal history points would still place Defendant in Criminal History Category VI.  Defendants with 13 or more criminal history points are subject to Criminal History Category VI.  The changes made by Amendment 821 do not alter Defendant's Criminal History Category of VI, or his total sentencing guideline calculation of 292 to 365 months.

In sum, the changes to the United States Sentencing Guidelines based on Amendment 821 do not lower Defendant's overall sentencing guidelines calculation and do not provide a basis for the Court to alter Defendant's sentence.  No other amendment applies to lower Defendant's sentence.  Defendant is not entitled to a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).

//
//
//
//
//
//

**CONCLUSION**

Defendant's Motion to Reduce Sentence based upon Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 138) is **DENIED**.

IT IS SO ORDERED.

DATED: January 12, 2026, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Jerry N. Glenn, Cr. No. 18-00062 HG-1, **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE BASED ON AMENDMENT 821 TO THE UNITED STATES SENTENCING GUIDELINES PURSUANT TO 18 U.S.C. § 3582(c)(2) (ECF No. 138)**